UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


|   |   |   |
|---|---|---|
| PAUL FINE, JR., | : | |
| Petitioner, | : | |
| | : | CASE NO. 3:17-cv-531 (AWT) |
| v. | : | |
| | : | |
| WARDEN ERFE, | : | |
| Respondent. | : | |
| | : | |


RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner Paul Fine, Jr., has filed a petition for
writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging
his state conviction on several grounds. As discussed below,
the petition and reported cases show that the petitioner did not
exhaust his state court remedies on all grounds for relief
before commencing this action. Accordingly, the petition is
being dismissed without prejudice to reopening.

I. Background

On April 8, 1991, the petitioner shot Steven O'Drain twice,
causing fatal injuries. The petitioner then entered the O'Drain
apartment and shot O'Drain's wife in the leg in front of her two
minor children. Yvonne O'Drain's leg was amputated below the
knee. See Fine v. Commissioner of Correction, 163 Conn. App.

77, 78, 134 A.3d 682, 684, <u>cert. denied</u>, 320 Conn. 925, 133 A.3d 879 (2016).

On March 30, 1992, the petitioner entered a guilty plea on charges of murder and assault in the first degree. On June 9, 1992, the petitioner was sentenced to a term of imprisonment of fifty years. <u>Id.</u>, 134 A.3d at 684. The petitioner did not file a direct appeal.

The petitioner filed a first habeas petition that is not shown on the state court website. <u>See</u> <u>Fine v. Commissioner of Correction</u>, 147 Conn. App. 136, 137, 81 A.3d 1209, 1211 (2013) ("the respondent alleged … that in a prior habeas petition filed in the judicial district of Danbury in 1997, the petitioner … raised a claim of ineffective assistance of trial counsel under the docket number CV-96-0325409-S"). The petition was withdrawn on May 4, 1998. <u>See</u> <u>id.</u>, 81 A.3d at 1211.

On January 26, 2010, the petitioner filed a second petition for writ of habeas corpus in state court. <u>See</u> <u>Fine v. Warden, State Prison</u>, No. TSRCV104003395S, 2014 WL 7272446 (Conn. Super. Ct. Nov. 12, 2014). The petitioner included only one claim in the operative petition, the 2011 first amended petition, ineffective assistance of trial counsel directed to Attorneys Gail Heller and/or Richard Perry. He argued that, because counsel was ineffective, his guilty plea was not knowingly,

2

voluntarily or intelligently entered.  Id. at *1.  The state
court denied the petition on November 12, 2014.

On May 29, 2015, the petitioner filed a petition for
certification to appeal, on the ground that "it was an error of
law for the court to find that ineffective assistance of standby
counsel was not a claim for which habeas relief might be
granted."  Fine, 163 Conn. App. At 80, 134 A.3d at 685 (internal
quotation marks omitted).  The habeas court denied the petition
for certification and the petitioner appealed.  Id., 134 A.3d at
685.

The petitioner raised two issues on appeal:  the habeas
court abused its discretion in denying the petition for
certification, and the habeas court improperly determined that
the petitioner received effective assistance of counsel in
connection with his decision to plead guilty.  Id. at 78, 134
A.3d at 683.  The Connecticut Appellate Court denied the
petition and, on March 2, 2016, the Connecticut Supreme Court
denied certification to appeal.

The petitioner commenced this action by petition dated
March 7, 2017.  He challenges his conviction on four grounds:
(1) ineffective assistance of counsel regarding the guilty plea;
counsel represented that the petitioner would receive a sentence
of 40 years; (2) "misproportioned" sentence; the petitioner

3

understood plea bargain standards to be half of the maximum
sentence; (3) the petitioner's estimated release date has been
increased without explanation; and (4) ineffective assistance of
trial counsel as a result of trial counsel's bias against the
petitioner.

## II. Legal Standard

Before filing a petition for writ of habeas corpus in
federal court, the petitioner must properly exhaust his state
court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842
(1999); 28 U.S.C. § 2254(b)(1). The petitioner must present the
essential factual and legal bases for his federal claims to each
appropriate state court, including the highest state court
capable of reviewing it, to afford the state courts a full and
fair "opportunity to pass upon and correct alleged violations of
its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364,
365 (1995) (per curiam) (internal quotation marks and citation
omitted).

Failure to exhaust state remedies may be excused only if
"there is no opportunity to obtain redress in state court or if
the corrective process is so clearly deficient to render futile
any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1,
3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B). A petitioner
may not, however, simply wait until appellate remedies are no

longer available and then argue that the claim is exhausted. See Galdamez v. Keane, 394 F.3d 68, 72-74 (2d Cir. 2005).

The court may sua sponte dismiss a habeas petition for failure to exhaust state remedies only if it is unmistakably clear that the petitioner has failed to exhaust his state remedies.  Cf. Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000) (permitting sua sponte dismissal of habeas petition as untimely only if untimeliness is "unmistakably clear from the facts alleged in the petition").  The petitioner states that he exhausted his first ground for relief in his state habeas action.  He then states that he brings that claim with others in this federal petition.  See Doc. No. 1 at 9 ("State Habeas Petition Exhausted-Now Filing for Federal Heabeous Regarding This and additional claims").  The petitioner refers the court to a grievance against his attorney as support for the second and fourth grounds for relief.  He states he raised the last three grounds on direct appeal, but he did not appeal his conviction.  Further, the reported decisions show that only the first ground for relief was decided by the state courts.  Thus, it is clear that the petitioner has not exhausted his state court remedies on all claims for relief.

When a petitioner files a mixed petition, containing exhausted and unexhausted claims and demonstrates good cause for

failing to exhaust all claims before filing the federal petition, the Supreme Court has recommended staying the federal petition to afford the petitioner an opportunity to exhaust his unexhausted claims in the state courts and return to federal court for review of all his claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that district court stay exhausted claims and dismiss unexhausted claims with directions to timely complete the exhaustion process and return to federal court). The district court must grant "a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics." Woodard v. Chappius, 631 F. App'x 65, 66 (2d Cir. 2016) (citing Rhines, 544 U.S. at 277-78).

The petitioner alleges that counsel told him that, if he pled guilty, he would receive a sentence of forty years, but he was sentenced to fifty years. He also includes allegations of bias and conflict of interest. At this time, the court cannot conclude that the claims are meritless.

The petitioner asserted a claim of ineffective assistance of counsel regarding the plea in his state habeas petition. Ineffective assistance of habeas counsel has been held to

constitute good cause for failure to exhaust state remedies.
See Saunders v. Commissioner, No. , 2016 WL 3812444, at *14 (D.
Conn. July 13, 2016) (noting consensus that ineffective
assistance of counsel can constitute good cause and finding that
claim of ineffective assistance of habeas counsel and proceeding
on appeal without assistance of counsel constituted good
cause)(citations omitted)).

Further, the Supreme Court held in Martinez v. Ryan, 566
U.S. 1,17 (2012), that "a procedural default will not bar a
federal habeas court from hearing a substantial claim of
ineffective assistance at trial if, in the [State's] initial-
review collateral proceeding, there was no counsel or counsel in
that proceeding was ineffective."  In light of these decisions,
the court cannot conclude that the petitioner lacks good cause
for his failure to exhaust.

The court notes that the petitioner waited twelve years,
from 1998 until 2010 to file his second state habeas petition.
In the section of the petition regarding timeliness, Doc. No. 1,
¶ 27, the petitioner cites "Great Periods of Grief" and lack of
access to the library and legal calls for his inability to meet
deadlines.  At this time, the court cannot determine whether the
petitioner engaged in dilatory litigation tactics.

Outright dismissal of the petition will preclude the petitioner from obtaining federal review of his claims. There is a one-year limitations period for filing a federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). The limitations period commences on the day the conviction becomes final and is tolled for any time that a collateral challenge to the conviction is pending in state court. See 28 U.S.C. § 2244(d)(1) & (2). The filing of a federal habeas petition, however, does not toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001).

The petitioner's conviction became final in 1992. The limitations period was instituted with the passage of the Antiterrorism and Effective Death Penalty Act on April 24, 1996. Thus, the petitioner's limitations period commenced on April 24, 1996, and expired on April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). During this period, however, the petitioner commenced his first state habeas petition. The court lacks information on the date the petition was filed. Thus, for purposes of this order only, the court will consider the limitations period to run from May 4, 1998, the date on which the first state habeas petition was withdrawn. The limitations period would have ended prior to May 4, 1999, over ten years before the petitioner filed his second state habeas

petition on January 10, 2010.  Further, the petitioner waited another year from the conclusion of his second state habeas action, from March 2, 2016, until March 7, 2017, to file this federal petition.  Thus, outright dismissal is not warranted.

Rather than staying this case, the court will dismiss without prejudice to reopening the case after completion of the exhaustion process.  This approach provides the same protection as the issuance of a stay pending exhaustion.  Permitting the petitioner to reopen this case after he exhausts his state court remedies on the second claim for relief will ensure that the new petition will not be barred by the statute of limitations.

### III. Conclusion

The petition for writ of habeas corpus is hereby DISMISSED without prejudice.  The petitioner may file a motion to reopen the case after he has fully exhausted his available state court remedies as to all grounds in the petition.

Within thirty (30) days after the petitioner has completed the exhaustion process as to all grounds in the petition, he shall file a motion to reopen this case reporting that all grounds have been fully exhausted and that he wishes to reopen this case.  The motion must be accompanied by an amended petition for writ of habeas corpus including the grounds he seeks to have the court consider and copies of any state court

decisions documenting the exhaustion of those grounds. The petitioner also shall include any evidence he wishes the court to consider to show that his claims are not time-barred. This additional evidence of timeliness may include evidence that other collateral proceedings had been filed to toll the limitations period or evidence showing that the limitations period should be equitably tolled.

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies with regard to all grounds included in the petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 11th day of April 2017 at Hartford, Connecticut.

                                    /s/AWT
                        _____
                            Alvin W. Thompson
                        United States District Judge